Filing # 16958610 Electronically Filed 08/11/2014 04:11:23 PM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

MARK V. LEVINSON and
KATHRYN F. LEVINSON,

    Plaintiffs,

v.

GREEN TREE SERVICING LLC.,

    Defendant.
_____/

Case No.:

Division:

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL

This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692, et.seq. (hereafter "FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. §559.72 (hereafter "FCCPA"). These laws prevent debt collectors from *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### JURISDICTION AND VENUE

1. This is an action for damages within the jurisdictional limits of the Court.

2. Venue is proper pursuant to 15 U.S. §1692k and F.S. §559.77.

### PARTIES

3. MARK LEVINSON is an individual consumer residing at 4906 Mirabella Place, Lutz, Florida 33558.

4. KATHRYN LEVINSON is an individual consumer residing at 4906 Mirabella Place, Lutz, Florida 33558.

5. GREEN TREE SERVICING LLC is (hereafter "Defendant" or "Green Tree") is a Delaware limited liability company with a principle place of business located at 345 St. Peter

Street, St. Paul Minnesota, 55102. Defendant is primarily engaged in mortgage loan servicing and business incidental thereto.

## FACTS

6. On or about January 1, 2013, Plaintiff's Mark Levinson and Kathryn Levinson were notified that the servicing of their home loan would be transferred from Bank of America to Green Tree. When Green Tree took over servicing rights on January 1, 2013, the debt was in default.

7. At all relevant times the mortgaged property located at 4906 Mirabella Place was the Plaintiffs' homestead property used as a personal residence and therefore the obligation on the note secured by the mortgage is a consumer debt.

8. Over the last several years, Plaintiffs' experienced financial hardship, personal loss and injury which lead them to fall further behind on payments on the home loan serviced by Green Tree.

9. Plaintiff's received phone calls and letters throughout 2013 and 2014 as they struggled to make their mortgage payments. On or about the first week of February 2014, Plaintiff Mark Levinson realized that due to unforeseen circumstances, Plaintiffs were unable to make the payment for that month as well. On February 9, 2014, Plaintiff Kathryn Levinson's parents were involved in a serious auto accident on the way to church. Her mother later that day passed away from internal injuries caused by the accident. Her father, age 81, sustained life altering injuries and underwent stabilizing surgery that evening. He had additional surgeries on Monday, February 10th and Thursday, February 13th.

10. While at the hospital on Sunday, February 9, 2014, Green Tree left a message on Plaintiff Mark Levinson's cell phone to call them immediately. Plaintiff Mark Levinson telephoned Defendant the following Monday to advise of the situation and that they would not be able to make the payment for that month immediately, but would attempt to make arrangements

for payment over the next several days to a week, reiterating the situation to the Defendant's representative.

11. The representative Defendant Mark Levinson spoke to advised that he was contractually obligated to make the payment, regardless of his personal circumstances.

12. After Plaintiff Mark Levinson advised the representative that he would call them in a week's time and concluded the telephone call with the representative of the Defendant. However, Plaintiffs began to receive telephone calls repeatedly from Defendant, both at home and on his cell. Many times they would simply hang up without leaving a messages. Other times they would leave a harsh message that he must contact them immediately. The calls were numerous daily and many times simultaneous on Plaintiff's cell, home and business phone line.

13. On or about February 13th, late in the afternnon, while at St. Josephs Hospital with his wife while in the surgery waiting room, a caller who identified themselves as a "regional representative" called Plaintiff Mark Levinson's cell phone and inquired about the payment status. When Plaintiff Mark Levinson advised the caller that he just explained his situation a few days prior and that he was currently at the hospital, the caller remarked that as soon as he makes his payment the sooner Defendant will stop calling him at the hospital.

14. On or about February 17, 2014, Plaintiff spoke to a representative who identified herself as "Ms. Thompson". After Mr. Levinson advised the representative that he could not make payment and that he was currently working on securing funds to bring the loan current, the representative continued to demand full payment and threatened foreclosure.

15. Subsequently, Plaintiffs were able to secure enough funds to bring them current and pay all past due amounts and penalties assessed. Plaintiffs sent funds in the amount of $6,885.95 by next day Fed Ex to Green Tree on March 25, 2014.

16. However, upon receipt of the funds on March 26, 2014, Green Tree placed the funds in an "unapplied funds" account from March 26, 2014 until the month of May. During

that time, Plaintiffs continued to receive numerous collection calls from Green Tree. At no time did Plaintiff's avoid or refuse to accept or answer any of the Defendant's phone calls except while in the Hospital.

17. Despite Plaintiffs' good faith in bringing the account current, and repeatedly advising Green Tree that the payment was made, Green Tree continued to call and demand money.

18. Further, Green Tree called Plaintiff Kathryn Levinson's cell phone that she uses primarily for work without her permission.

19. One representative of Green Tree even advised Plaintiffs that their home could be foreclosed on, even after the amount due was sent to Green Tree.

20. During these numerous collection calls, Plaintiffs endured various forms of harassment. Plaintiffs were advised by Green Tree representatives that they had to "get their priorities in order", that Plaintiffs had to "go out and get a real job", and that Plaintiffs were "lucky" they were not already foreclosed upon.

21. During this time, Plaintiffs were also told by a representative of the Defendant that paying Defendant was more important than paying for food or utilities.

22. Each and every time the Plaintiffs spoke with Defendant's representatives it was apparent that the caller failed to review any of the account history due to the fact that the Plaintiffs had to reiterate the entire set of facts. Many times they were told to make a payment by a certain date and upon receipt of additional calls were told that the previous Defendant's representative did not have the authority to authorize payment on that specific date.

23. The continuing harassing and abusive collection calls were unjustified invasions of Plaintiffs' personal privacy, and were done solely to coerce Plaintiffs into paying the debt. For example, between May 12, 2014 and May 15, 2014, Plaintiffs received no less than twenty calls from Defendant, some of which were only minutes apart.

24. Defendant, by and through its representatives, has violated the Fair Debt Collection Practices Act and the Florida Consumer Collections Practices Act by willfully communicating with Plaintiffs with such frequency as can only be expected to be done with the intention of harassing and oppressing Plaintiffs.

25. Defendant, by and through its representatives, has violated the Fair Debt Collection Practices Act and the Florida Consumer Collections Practices Act by employing willfully abusive language and representations in communicating with Plaintiffs.

26. Due to the acts of Defendant and its agents and representatives, Plaintiffs felt upset, agitated, helpless, and frustrated amongst other negative emotions.

### FIRST CLAIM FOR RELIEF
### FDCPA Violation

27. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 26.

28. The foregoing acts and omissions of Defendant Green Tree and its agents constitute numerous and several violations of the FDCPA, including but not limited to 15 U.S.C. §1692c(a)1, 1692d, 1692d(2), 1692d(5), 1692e, 1692e(2), 1692e(5), 1692f and 1692f(5).

29. As a result of the above violations of the FDCPA, Defendant Green Tree is liabile to Plaintiff for Plaintiff's actual damages, statutory damages, costs and attorney's fees.

### SECOND CLAIM FOR RELIEF
### FCCPA Violation

30. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 26.

31. The foregoing acts and omissions of Defendant and its representatives constitutes numerous and several violations of the FCCPA, including, but not limited to F.S.A. §559.72(7) and §559.72(8).

32. As a result of the above violations of the FCCPA, the Defendant is liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the FCCPA, Plaintiff's actual damages, statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiffs, Mark Levinson and Kathryn Levinson, respectfully request judgment be entered against Defendant Green Tree for the following:

a. Actual damages pursuant to F.S.A. §559.72(2);

b. Statutory damages pursuant to F.S.A. §559.72(2);

c. Cost and reasonable attorney's fees pursuant to F.S.A. §559.72(2); and

d. For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs demand trial by jury in this action.

Dated: August 11, 2014.

Respectfully submitted,

/s/ James W. Elliott
James W. Elliott, Esquire
Florida Bar No. 40961
james@mcintyrefirm.com
McIntyre Thanasides Bringgold
    Elliott Grimaldi & Guito, P.A.
6943 East Fowler Avenue
Tampa, Florida 33617
T: 813.899.6059
F: 813.899.6069
*Attorneys for Plaintiff*