UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK V. LEVINSON and
KATHRYN T. LEVINSON,   Case No. 8:14-cv-02120-EAK-TGW

      Plaintiffs,

vs.

GREEN TREE SERVICING, LLC,

      Defendant.
_____/

**GREEN TREE SERVICING LLC'S MOTION
TO STRIKE PLAINTIFF'S JURY TRIAL DEMAND**

Defendant, Green Tree Servicing LLC ("Green Tree"), by and through its undersigned counsel, hereby serves its Motion to Strike the Jury Trial Demand of Plaintiffs, Mark V. Levinson and Kathryn T. Levinson ("Plaintiffs"). This Court should grant the motion because the mortgage Plaintiffs signed contains a conspicuous jury trial waiver, which Plaintiffs agreed to knowingly and voluntarily and which Green Tree is entitled to enforce as mortgage servicer. Plaintiffs' claims arise out of and relate to the mortgage, and the waiver is not unconscionable, contrary to public policy, or unfair.

**I.    BACKGROUND**

1. Plaintiffs executed and delivered to Bank of America, N.A. ("Lender") a promissory note in the amount of $320,586.00 dated October 26, 2005 (the "Note"). *See* Affidavit of Myron K. Preble in Support of Green Tree Servicing LLC's Motion to Strike Jury Trial Demand ("Preble Affidavit"), Ex. 1.

2. The Promissory Note was secured by a mortgage dated October 10, 2006 signed by Plaintiffs (the "Mortgage"). *See* Preble Affidavit, Ex. 2. Section 25 of the Mortgage contains

a jury trial waiver covering "any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note."

3. The Mortgage provides that the Note can be sold and the mortgage servicer changed. Mortgage § 20. It further provides that the successors and assigns of Lender benefit from the agreements in the Mortgage. *Id.* § 13.

4. Plaintiffs entered into a Loan Modification Agreement on August 12, 2010. The modification agreement does not affect Covenants §§1-25 contained in the Mortgage. *See* Preble Affidavit, ¶ 5.

5. Green Tree is the servicer of Plaintiff's Mortgage. *See* Preble Affidavit, ¶ 8.

6. Green Tree requests that this Court strike the jury demand in Plaintiff's Complaint, which alleges violations of the Florida Consumer Collection Practices Act ("FCCPA") and Fair Debt Collections Practices Act ("FDCPA"), because Plaintiffs waived their right to a jury trial when they signed the Mortgage, which contains a clear and conspicuous jury trial waiver. Accordingly, Plaintiffs have no right to a jury trial on any issue.

II. **LEGAL ANALYSIS AND ARGUMENT**

   A. **Plaintiffs' claims relate to the Note and Mortgage.**

The Eleventh Circuit has determined that a claim "relates to a contract when the dispute occurs as a fairly direct result of the performance of contractual duties." *Bahamas Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1340-41 (11th Cir. 2012) (internal quotation marks omitted). Courts have determined that consumer claims relate to loan documents containing jury trial waivers when the calls giving rise to the claims are triggered by the plaintiff's failure to perform under the contract and the defendant's exercise of its remedies. *See Deutsche Bank Nat. Trust Co. v. Foxx*, 971 F. Supp. 2d 1106, 1114, 1120 (M.D. Fla. 2013) (mortgage servicer was entitled

to enforce a jury trial waiver containing identical language as in the instant case against plaintiff that brought claims under FCCPA, FDCPA, Fair Credit Reporting Act, and Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"); noting that the "allegations make clear that even if his claims do not arise out of the original mortgage, they are 'in [some] way related to th[at] Security Instrument or the Note.' "); *Newton v. Wells Fargo Bank N.A.*, No. 3:13-cv-1017-J-32MCR, 2013 WL 5854520 *2 (M.D. Fla. Oct. 30, 2013) (holding that Telephone Consumer Protect Act claims were a result of the plaintiff's failure to make payments pursuant to the mortgage and therefore fell within the scope of the jury trial waiver); *Martorella v. Deutsche Bank Nat'l Trust Co.*, No. 12-80372, 2013 WL 1136444 *3 (S.D. Fla. Mar. 18, 2013) (granting defendants' motion to strike plaintiff's jury trial demand where FDUTPA and FCCPA claims arose from collection activities for amounts due under note and mortgage); *Belin v. Litton Loan Servicing, LP*, No. 8:06-cv-760-T-24 EAJ, 2006 WL 2061340 *2 (M.D. Fla. July 17, 2006) (holding that FCCPA and FDCPA claims related to the mortgage and fell within scope of waiver).

The jury trial waiver in the Mortgage broadly covers "any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note." Plaintiffs allege in the FCCPA and FDCPA counts that they had entered into a promissory note, secured by a mortgage on their homestead property, which was a consumer debt. (Doc. 1, Compl. ¶¶ 6, 7). Plaintiffs allege in both counts that Green Tree, servicer of the loan, made calls to Plaintiffs regarding the debt. *Id.*, ¶¶ 10-13, 17-23.

Under the FCCPA, a person may not, "in collecting consumer **debts** … [w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other

3

conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. § 559.72(7) (2014) (emphasis added). Further, a person may not "in collecting consumer **debts** … [u]se profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family." Fla. Stat. § 559.72(8) (2014) (emphasis added).

Under the FDCPA, "[w]ithout the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any **debt** — (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." 15 U.S.C. § 1692c(a)1 (2014) (emphasis added). Additionally, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a **debt**." 15 U.S.C. § 1692d (2014) (emphasis added). A "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C § 1692e (2014) (emphasis added). Also, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any **debt**." 15 U.S.C. § 1692f (2014) (emphasis added).

Thus, according to Plaintiffs, the calls allegedly made in violation of the FCCPA and FDCPA naturally relate to the debt, which in this case is the Note, secured by the Mortgage. *See Belin*, 2006 WL 2061340 at *2 (stating that "[c]learly, Mr. Belin's FDCPA and FCCPA claims are related to the mortgage, even though they do not directly arise from the mortgage itself").

In the instant case, the Note and Mortgage are the source of the parties' relationship. Green Tree allegedly placed the calls in relation to the Note and Mortgage. Further, Plaintiffs admitted that the debt that makes them a consumer and Green Tree a debt collector was related

4

to the Mortgage. Compl., ¶¶ 6-8. The claims for violation of the FCCPA and FDCPA are "a fairly direct result of the performance of contractual duties," namely, Plaintiffs' duty to pay on the Note. Thus, Plaintiffs' claims are within the scope of the waiver provision. Plaintiffs' claims for violations of the FCCPA and FDCPA arise out of and relate to the Mortgage and Note and therefore fall within the waiver's scope.

      **B.**      <u>**Plaintiffs knowingly and voluntarily waived their right to a jury trial.**</u>

A party may contractually waive her right to a jury trial if the waiver is knowing and voluntary. *Bakrac, Inc. v. Villager Franchise Sys.*, 164 F. App'x. 820, 823 (11th Cir. 2006) (per curiam); *Allyn v. Western United Life Assurance Co.*, 347 F. Supp. 2d 1246, 1251 (M.D. Fla. 2004) (jury trial waiver enforced against borrower that brought claims for breach of obligation to disburse loan proceeds as promised, breach of duty of good faith, rescission, fraud, and negligent misrepresentation). In a federal case, the validity of a jury trial waiver is governed by federal law. *Gulati v. Countrywide Hom Inc.*, No. 6:05-cv-1097-Orl-28DAB, 2006 WL 6300891 at *1 (M.D. Fla. Feb. 17, 2006).

Courts look at several factors in determining whether a waiver was knowing and voluntary: "the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable." *Bakrac, Inc.*, 164 F. App'x. at 824; *see also Belin v*, 2006 WL 2061340 (citing *Bakrac, Inc.*, 164 Fed. Appx. at 824). The Eleventh Circuit has yet to determine which party has the burden of proving these factors. *Bakrac, Inc.*, 164 F. App'x at 824 n.1.

In *Belin*, the court enforced a jury trial waiver against Mr. Belin, who sued under the FCCPA and FDCPA. The court found the jury trial waiver in the mortgage conspicuous since (1) it was in its own separate paragraph, (2) was in the same size font as the rest of the document, (3) was located in the last paragraph of a relatively short document and therefore could not be

considered hidden within the document, and (4) stated in clear and unambiguous language that the party was waiving his right to a jury trial. 2006 WL 2061340 at *1; *see also Allyn v. W. United Life Assurance Co.*, 347 F. Supp. 2d 1246, 1252-53 (M.D. Fla. 2004) (finding waiver provision in loan documents to be conspicuous where it was located in the last numbered paragraph near the end of the document and contained straightforward, understandable language); *Murphy v. Cimarron Mortg. Co.*, No. 8:06-cv-2142-T-24 TBM, 2007 WL 294229 (M.D. Fla. Jan. 29, 2007) (enforcing jury trial waiver against plaintiff in FDCPA and FCCPA action where jury trial waiver was conspicuous). The *Belin* court also found that Mr. Belin was mature and educated. 2006 WL 2061340 at*1.

As in *Belin*, the jury trial waiver at issue in this matter (1) is in its own separate paragraph, (2) is in the same size font as the rest of the document, (3) is located in the last paragraph of a relatively short document, and (4) states in clear and unambiguous language that Plaintiffs were waiving their right to a jury trial. Plaintiff Mark Levinson, similar to Mr. Belin, is a well-educated person (an attorney admitted to the Florida Bar since 1992 and president of Collectivity, LLC). *See* Preble Affidavit, ¶¶ 9, 10,  Ex. 5 (Florida bar printout). One can therefore conclude that Mr. Levinson was sophisticated and capable of making an educated decision on whether to sign the Mortgage. *See Allyn*, 347 F. Supp. 2d 1246, 1253-56 (M.D. Fla. 2004) (44-year-old doctor of medicine and 55-year-old licensed real estate broker and state certified residential contractor were well-educated and sophisticated individuals and knowingly, voluntarily, and intelligently waived their right to a jury trial); *Oglesbee v. IndyMac Fin. Servs., Inc.*, 675 F. Supp. 2d 1155, 1158 (S.D. Fla. 2009) (district manager with four years of post-high school instruction possessed sufficient education and experience to intelligently enter into the jury trial waiver).

6

Additionally, there is no evidence of an extreme bargaining disadvantage between Plaintiffs and Lender. *See GE Commercial Fin. Bus. Prop. Corp. v. Heard*, 621 F. Supp. 2d 1305, 1312 (M.D. Ga. 2009) (finding no evidence "of the sort of extreme bargaining disadvantage or gross disparity in bargaining position that can render a waiver invalid") (internal quotation marks omitted); *see also Bonfield v. AAMCO Transmissions, Inc.*, 717 F. Supp. 589, 596 (N.D. Ill.1989) ("This is not the kind of case that supports a 'necessitous men are not free men' approach."). "A gross disparity in bargaining power only exists when a party is forced to accept the terms of an agreement as written; the party is unable to simply walk away if the terms are unacceptable." *Oglesbee*, 675 F. Supp. 2d at 1158 (citing *Milsap v. Cornerstone Residential Mgmt.,* No. 05-60033, 2007 WL 965590, at *2 (S.D. Fla. March 28, 2007). In *Milsap*, the court found that a single mother of two, in need of housing, was still not at an extreme bargaining disadvantage when she signed a lease agreement because she could have found housing elsewhere. *Id.* at *2. Plaintiff has not alleged that she could not have walked away from this contract and found a loan elsewhere.

Finally, there is no evidence that Plaintiffs attempted to retain an attorney to review the Mortgage but were precluded from doing so. *See Oglesbee*, 675 F. Supp. 2d at 1159. In fact, Mr. Levinson is an attorney himself.

C.   **Green Tree is entitled to enforce the jury trial waiver.**

Green Tree, as servicer of the Mortgage, is entitled to enforce the jury trial waiver against Plaintiffs, parties to the Mortgage. *See Deutsche Bank Nat. Trust Co.*, 971 F. Supp. 2d at 1114, 1120 (mortgage servicer was entitled to enforce a jury trial waiver containing identical language as in the instant case against plaintiff that brought claims under FCCPA, FDCPA, FCRA, and FDUTPA); *see also Miller v. Northwest Trustee Servs., Inc.*, No. CV-05-5043-RHW, 2005 WL 1711131 *4 (E.D. Wash. 2005) (Green Tree, mortgage servicer and a non-signatory to the note,

was entitled to enforce an arbitration agreement and jury trial waiver in the note against the signatory to note as the loan documents did not limit arbitration to disputes between the original parties to the agreement).

## III.     CONCLUSION

For the above reasons, and in light of all the circumstances surrounding Plaintiffs' assent to the jury trial waiver provision contained in the Mortgage, the jury trial waiver is not unconscionable, contrary to public policy, or unfair to either party. There is no evidence of overreaching by Lender in terms of procuring Plaintiffs' assent to said provisions. The waiver is valid and enforceable under Florida law.

WHEREFORE Green Tree Servicing LLC respectfully requests that this Court grant its motion to strike the jury trial demand of Plaintiffs.

### 3.01(g) Certification

Counsel for Green Tree Servicing LLC conferred with counsel for Plaintiffs, John Hightower, Esq., about the relief requested in this motion and the parties were not able to come to an agreement.

Dated:  December 3, 2014                                  Respectfully submitted,

                                                                    **SHUTTS & BOWEN LLP**
*Attorneys for Plaintiff*
4301 W. Boy Scout Boulevard, Suite 300
Tampa, FL 33607
(813) 229-8900  Telephone
(813) 229-8901  Facsimile


By:    /s/ Janelle A. Weber
       JANELLE A. WEBER
       Florida Bar No. 017630
       *jweber@shutts.com*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing has been filed with CM/ECF on this 3rd day of December, 2014, which will send notice of electronic filing to James W. Elliott, Esquire and John Hightower, Esq., McIntyre Thanasides Bringgold Elliott Grimaldi & Guito, P.A., 6943 East Fowler Avenue, Tampa, Florida 33617, james@mcintyrefirm.com and hightower@mcintyrefirm.com.

/s/ Janelle A. Weber
Attorney

MIADOCS 9978588 2