**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARK V. LEVINSON and
KATHRYN T. LEVINSON,

      Plaintiffs,

vs.                              CASE NO.: 8:14-CV-02120-EAK-TGW

GREEN TREE SERVICING, LLC,

      Defendants.

_____/

## PLAINTIFFS' RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION TO STRIKE JURY TRIAL DEMAND

Plaintiffs, Mark V. Levinson and Kathryn T. Levinson, (collectively "Plaintiffs") through undersigned counsel, respectfully respond in opposition to Defendant's Motion to Strike Jury Trial Demand (Doc. 16), as laid out below.

Plaintiffs seek damages against Defendant for flagrant violations of the Fair Debt Collection Practices Act and the Florida Consumer Protection Practices Act (collectively "Consumer Protection Claims"). Defendant seeks to avoid answering to a jury for its wrongs by stretching beyond reason the application of a jury waiver in the mortgage. In relevant part, the jury waiver includes claims "related to" the mortgage or note. No reasonable person would have ever foreseen this language as including Defendants egregious conduct that exceeded performance of any contractual term of the mortgage or note. Defendant only cites to a handful of district court orders for the proposition that Consumer Protection Claims are captured by the "related to" language of a jury waiver. Those orders do not bind this Court and should not be followed. Instead, this Court should look to the reasoning of the Eleventh Circuit's decision of *Bahamas Sales*

*Association, LLC v. Byers*[1], which finds "related to" to be limiting language that confines its application to the actual duties of the contract. Because Defendant's malfeasance occurred during conduct that was not in performance of any of its contractual duties the jury waiver cannot apply.

## I. The Sacred Right To Jury Trial Must Be Preserved and Supported By Any Reasonable Presumption Against Waiver

U.S. Courts are instructed by the Supreme Court to "jealousy guard" the "fundamental and sacred" right to a jury trial.[2] To this end, the Supreme Court has warned that any denial of a jury trial will be "subject to the most exacting scrutiny."[3] The Eleventh Circuit has echoed the Supreme Court's order that because a jury trial is a fundamental right, "courts must indulge every reasonable presumption against waiver."[4] Therefore, this Court's review of the waiver of jury trial must be done with exacting scrutiny and infer every reasonable presumption against waiver of this sacred right.

## II. The Eleventh Circuit Interprets "Related To" As A Limiting Term Restricting Application To Contractually Defined Duties

As a starting point, *Byers* is instructive because it collects precedent addressing the scope of contractual "related to" language regarding claims brought by a party to, or in some form of privity to, the contract. In *Byers* the court analyzed whether the scope of the "related to" language of a purchase contract's forum selection clause included Byers' claim for fraudulent appraisal.[5] In applying the reasoning of its prior cases analyzing similar issues the Eleventh Circuit determined

---

[1] 701 F.3d 1335 (2012).
[2] *Jacob v. City of New York*, 315 U.S. 752, 752, 62 S.Ct. 854, 86 L.Ed. 1166 (1942).
[3] *City of Morgantown, W. V.A. v. Royal Ins. Co. Ltd.*, 337 U.S. 254, 258, 69 S.Ct. 1067, 1070, 93 L.Ed. 1347 (1949).
[4] *Burns v. Lawther*, 53 F. 3d 1237, 1240 (11th Cir. 1995).
[5] 701 F.3d at 1339 (11th Cir. 2012).

that it did not. In support, the *Byers* court primarily relied upon three prior Eleventh Circuit decisions.

First, the *Byers* court relied upon the *Telecom Italia, SpA v. Wholesale Telecom Corp.*[6] holding that a claim relates to a contract when "the dispute occurs as a fairly direct result of the performance of contractual duties."[7] In *Telecom Italia*, the court refused to extend an arbitration clause's "related to" language to include a tortious interference claim against a related party. Notably, the Eleventh Circuit constrained the application of this arbitration clause despite the fact that courts "resolve any doubts concerning the scope of arbitrable issues . . . in favor of arbitration."[8] In contrast, with jury waivers courts are required to indulge every reasonable presumption against a waiver. As such, *Telecom Italia* is telling because it restricted "related to" language even when the demands for such restriction are nowhere near as high as they are in the case before this Court. Moreover, the *Telecom Italia* court was clear that for a claim to "relate to" a contract the subject behavior must develop through a duty. That is not what happened in our case.

Defendant would argue that its malfeasance related to the contract because it occurred while attempting to enforce Plaintiffs' duty to pay. However, that is not the standard articulated by the Eleventh Circuit. Instead, the standard is that the tortious behavior must effectively coincide in the performance of a duty – not an attempt to enforce a duty. The Eleventh Circuit has never stated that claims relate to a contract when they develop as a result of an attempt to force another party to perform its duties. Indeed, this would be an open ended limitless expansion of what relates to a contract. A party might engage in any number of imponderable forms of tortious conduct that

---

[6] 248 F.3d 1109 (11th Cir. 2001).
[7] *Id.* at 1116.
[8] *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25, 1-3 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).

the parties to a contract could never envision. As stated in *Telecom Italia*, this would "extend far beyond the reasonable expectation of the contracting parties."[9] Rather, tying "related to" actions to the duties themselves creates boundaries of conduct defined by the contract. This analysis was developed more precisely in another case relied upon by *Byers*: *Doe v. Princess Cruise Lines, Ltd.*[10]

In *Princess Cruise Lines*, the court determined that a variety of personal torts were beyond the scope of an employment agreement's arbitration clause that extended to claims "related to" the agreement.[11] In so holding, the Eleventh Circuit held that "related to" was limiting language that marked a boundary of what was included. The court noted that to interpret "related to" otherwise would extend the scope without end and improperly render the language superfluous in violation of contract interpretation principles.[12]

Likewise, in the case before this Court, the "related to" language of the jury waiver creates a limitation that excludes actions beyond the expressly defined duties of the contract. Courts hold that Consumer Protection Claims, like Plaintiffs', are analogous to tort claims.[13] Consequently, they are beyond the express terms and duties of the contract. Defendant has not cited a single term of the mortgage or note that addresses collection efforts. As such, torts committed in the conduct of collection efforts are like those in *Princess Cruise Lines* and are not within the scope of the "related to" language.[14]

---

[9] 248 F.3d at 1116.

[10] 657 F. 3d 1204 (11th Cir. 2011).

[11] *Id*. at 1219.

[12] *See generally Id*. at 1218-1219.

[13] *See generally Sibley v. Fulton DeKalb Collection Serv.*, 677 F.2d 830, 834 (11th Cir.1982).

[14] It should again be noted that *Princess Cruise Lines* addresses an arbitration clause in which doubts are resolved in favor of arbitration, whereas jury waiver doubts should be resolved against a waiver. As such, the analysis by this Court weighs even more heavily towards restricting the scope of "related to."

Further, *Byers* relied upon *International Underwriters AG v. Triple I: International Investments*[15] for the holding that merely because "a dispute could not have arisen but for an agreement does not mean that the dispute necessarily "relates to" that agreement."[16] Similarly, merely because Plaintiffs' claims would not have arisen in the absence of the mortgage and note is not sufficient to find that their claims are "related to" those contracts.

### III. <u>Other District Court Opinions Cited By Defendant Are Not Binding On This Court</u>

Defendant cites a handful of district court orders to support stretching the scope of "related to" language in jury waivers to include Consumer Protection Claims. *Deutsche Bank Nat. Trust Co. v. Foxx*[17], *Newton v. Wells Fargo Bank, N.A.*[18] and *Belin v. Litton Loan Servicing, LP*[19], are all orders issued in this district. However, federal courts have held "it is clear that there is no such thing as 'the law of the district.'" Moreover, "[w]here a second judge believes that a different result may obtain, independent analysis is appropriate." Such is the case here. This Court should look to the exceedingly high demands placed on waivers of jury trials and carefully scrutinize the application of Eleventh Circuit precedent to this case. Even if this Court was inclined to look to other cases within the district for persuasive guidance it should defer instead to the analysis of Judge Covington in *Jones v. Bank of America*.[20] In *Jones*, Judge Covington analyzed the scope of "related to" language in a jury waiver and determined that it did not include Consumer Protection Claims. This Court should apply a similar analysis and that of the Eleventh Circuit and find likewise.

---

[15] 533 F.3d 1342 (11th Cir. 2008).
[16] *Id*. at 1342.
[17] 971 F. Supp. 2d 1106, 1114 (M.D. Fla. 2013).
[18] No. 3:13-cv-1017-J-32MCR, 2013 WL 5854520 (M.D. Fla. Oct. 30, 2013).
[19] No. 8:06-cv-760-T-24-EAJ, 2006 WL 2061340 (M.D. Fla. July 17, 2006).
[20] No. 8:12-cv-419-T-33TGW, 2012 WL 3065381 (M.D. Fla. July 27, 2012).

## **Conclusion**

The Eleventh Circuit has limited the scope created by "related to" language to refer to claims based on conduct carried out in the course of performing contractual duties. The malfeasance giving rise to Plaintiffs' Consumer Protection Claims was not committed while carrying out any contractual duty. Indeed, Defendant cannot point to a term within the mortgage or note that created a duty the Defendant was carrying out when committing these wrongs. Instead, Defendant was going beyond the contractual duties and attempting to force performance of a duty. The Eleventh Circuit has dictated against expanding the scope of "related to" in a way that destroys limits. To interpret "related to" as including conduct committed while attempting to force performance would expand the scope to any evil behavior committed during this undertaking. This conflicts with the boundaries of an actual contractual duty articulated by the Eleventh Circuit. Moreover, the cases cited by Defendant's Motion that might support its argument are all district court decisions that are not binding on this Court. Because contrary support exists within this district and the Eleventh Circuit's analysis, this Court should find that the "related to" language in the jury waiver does not include Plaintiffs' Consumer Protection Claims. Given that any reasonable presumption must be indulged against waiver[21] – this Court must find that Plaintiffs did not waive their right to a jury trial on their claims in this case.

WHEREFORE, Plaintiffs respectfully request that this honorable Court deny Defendant's Motion to Strike Plaintiffs' Jury Trial Demand and for such other relief the Court deems just and proper

Dated: January 3d, 2015.

---

[21] This Court must also consider Florida's canon of contract interpretation that "[t]o the extent any ambiguity exists in the interpretation of the contract, it will be strictly construed against the drafter." *Goodwin v. Blu Murray Ins. Agency, Inc.*, 939 So. 2d 1098, 1103 (Fla. 5th DCA 2006). As "related to" is ambiguous, it must construed against Defendant and against waiver.

Respectfully submitted,

*/s/ John R. Hightower, Jr.*
John Hightower, Esq.
Florida Bar No. 077478
Primary: hightower@mcintyrefirm.com
Secondary: amanda@mcintyrefirm.com
James W. Elliott, Esquire
Florida Bar No. 40961
Primary: james@mcintyrefirm.com
Secondary: dezerae@mcinyrefirm.com
McIntyre Thanasides Bringgold
   Elliott Grimaldi & Guito, P.A.
6943 East Fowler Ave.
Tampa, FL  33617
Tele 813.899.6059 | 813.899.6069

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been filed via CM/ECF electronic filing system on the 3d day of January, 2015, and thereby served upon counsel of record.

*/s/ John R. Hightower, Jr.*
                Attorney