UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK V. LEVINSON and
KATHRYN T. LEVINSON,
    Plaintiff,

v.                                        Case No. 8:14-cv-02120-EAK-TGW

GREEN TREE SERVICING, LLC,
    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' JURY TRIAL DEMAND

This cause is before the Court on Defendant's, Green Tree Servicing, LLC ("Green Tree" or "Defendant"), Motion to Strike Plaintiff's Jury Trial Demand (Doc. 16) and Plaintiffs', Mark V. Levinson and Kathryn T. Levinson ("Plaintiffs"), Response in Opposition to Defendant's Motion to Strike Jury Trial Demand (Doc. 22). For the reasons set forth below, Defendant's motion is **GRANTED**.

### PROCEDURAL HISTORY AND RELEVANT BACKGROUND

Plaintiffs filed their complaint against Defendant in Thirteenth Judicial Circuit in and for Hillsborough County, Florida on August 11, 2014. (Doc. 2). The complaint brought action under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, the Florida Consumer Collection Practices Act (FCCPA), F.S.A. § 559.72, and demanded a jury trial. (Doc. 2). Defendant filed Notice of Removal of Cause on August 28, 2014 in order to have action removed from Thirteenth Judicial Circuit in and for Hillsborough County, Florida to the United

States District Court for the Middle District of Florida, Tampa Division. (Doc. 1). Defendant filed Answer and Affirmative Defenses to Complaint on September 9, 2014. (Doc. 5). Defendant then filed a Motion to Strike Plaintiffs' Jury Trial Demand on December 3, 2014. (Doc. 16). On January 3, 2015 the Plaintiffs filed a response to that motion. (Doc. 22).

Plaintiffs executed a promissory note and mortgage, dated October 26, 2005, with Bank of America, N.A.; which contained a jury trial waiver stating and applied to "any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note." (Doc. 16, pp. 1-2). Servicing of plaintiffs' loan transferred from Bank of America, N.A. to defendant in January 2010. (Doc. 2 at ¶ 6). Plaintiffs' complaint alleges defendant engaged in behavior which violated consumer protection acts while attempting to collect on the mortgage debt owed by plaintiffs to defendant. (Doc. 2).

## DISCUSSION

I.     Waiver of Jury Trial

"The Eleventh Circuit has instructed that waivers of valid jury demands are not to be lightly inferred and 'should be scrutinized with utmost care.'" *Martorella v. Deutsche Bank Nat. Trust Co.*, No. 12-80372-CIV, 2013 WL 1136444, at 1 (S.D. Fla. Mar. 18, 2013)(quoting *Haynes v. W.C. Caye Et Co., Inc.*, 52 F.3d 928, 930 (11th Cir.1995)). However, if the waiving party did "knowingly and voluntarily" waive the right to a jury trial, then the Eleventh Circuit has held such a waiver enforceable. *Bakrac, Inc., et al. v. Villager Franchise Sys., Inc.*, 164 Fed. Appx. 820, 823 (11th Cir.2006).

In determining whether a waiver was executed knowingly and voluntarily the court "considers factors such as: '(1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiver party was represented by counsel.'" *Correa v. BAC Home Loans Servicing LP*, No. 6:11-CV-1197-ORL-22, 2012 WL 1176701, at 15 (M.D. Fla. Apr. 9, 2012)(quoting *Collins v. Countrywide Home Loans, Inc.*, 680 F.Supp.2d 1287, 1294 (M.D.Fla.2010)).

Plaintiffs' did knowingly and voluntarily waive the right to jury trial when signing the mortgage, therefore the waiver is valid and in effect. Plaintiffs' do not challenge that aspect of the waiver. Rather, Plaintiffs' argument hinges on the notion that their claims do not arise, and are not related to, the mortgage and consequently not covered by the waiver.

II.     Claims are "Related to" the Contract

In determining whether a claim "relates to" a contract, the Eleventh Circuit states that the dispute giving rise to the claim "occurs as a fairly direct result of the performance of contractual duties" while also indicating "some direct relationship" between the dispute and contract as an outer boundary such that "relates to" does not continue indefinitely. *Bahamas Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1340-41 (11th Cir. 2012)(citing *Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1116 (11th Cir.2001) and *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1218 (11th Cir.2011)).

Here, Plaintiffs' consumer protection claims relate to the mortgage contract. Plaintiffs knowingly and voluntarily waived their right to a jury trial upon signing the mortgage, thereby creating a valid waiver of jury trial. Plaintiffs acknowledge that Defendant's alleged behavior in

violation of the FDCPA and FCCPA was due to Plaintiffs' failure to pay as contractually obligated under the same mortgage. Therefore, the dispute giving rise to Plaintiffs' claim exists because of direct relationship with the mortgage which fairly directly relates to contractual performance of the mortgage. Furthermore, there is no concern that Defendant's actions extended beyond the reasonable expectation of the contracting parties, and, therefore, outside the scope of the contract. That a mortgage holder would resort to debt collection practices in order to collect on a debt in default is reasonable; whether those practices violated any consumer protection laws will be determined in due course. Accordingly, it is

**ORDERED** that Defendant's Motion to Strike Plaintiffs' Jury Trial Demand is **GRANTED** and this case is now designated as a non-jury trial.

**DONE AND ORDERED** in Chambers in Tampa, Florida, this 27th day of April, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.